UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BENJAMIN GRABINSKI, <br><br> Defendant. | Case No. 22-cr-221 (RJL) |

**Motion to Dismiss Indictment for Violation of the Speedy Trial Act**

Benjamin Grabinski, through counsel, respectfully requests that this Court dismiss the Indictment with prejudice for violation of his speedy trial rights under 18 U.S.C. § 3161. The Speedy Trial Act establishes that a defendant's trial must commence within 70 days of indictment or arraignment, or else the Court will dismiss the case. 18 U.S.C. § 3162(a)(2). To date, 175 days of non-excludable time has elapsed on the speedy-trial clock, making dismissal necessary.

**Relevant Background**

Mr. Grabinski is a 33-year-old army veteran with serious mental health issues and no criminal convictions. According to the government, on June 9, 2022, he attempted to throw a Molotov cocktail over the fence at the Embassy of the People's Republic of China. Although he was unable to light the cocktail, he nonetheless threw the bottle over the fence and into the Embassy's courtyard where it shattered on the ground. No fire occurred. No one was injured. At worst, a puddle of liquid and shattered glass were found on the ground. On June 10, 2022, Mr. Grabinski was arrested, charged by complaint, and appeared by telephone for his initial appearance in Court. On June 17, 2022, Mr. Grabinski was charged by indictment with two

1

counts: (1) protection of property used by foreign governments, in violation of 18 U.S.C. § 970(a); and (2) arson, in violation of 18 U.S.C. § 844(i). *See* ECF No. 11.

The Speedy Trial Act provides that a trial "shall commence within seventy days from the filing date … of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Accordingly, the Speedy Trial Clock began ticking on June 17, 2022—*i.e.*, the filing date of the indictment, which occurred after his initial appearance.

On June 17, 2022, Mr. Grabinski appeared before Magistrate Judge Meriweather, who, upon an oral motion by the government, ordered him committed him to the custody of the Attorney General for a competency evaluation. *See* ECF No. 10. The magistrate court further ordered that a total of 55 days would be excludable under the Speedy Trial Act—up to 10 days for transportation, 30 days for the evaluation, and 15 days for the preparation of the report. *See id.* It noted that if the government sought "to exclude additional time, it may present arguments in support of those exclusions in a motion or at a hearing." *Id.* at 2. The government never sought an extension. As such, 55 days from June 17 were excluded from the Act, meaning the clock started ticking again on August 11, 2022.

Mr. Grabinski's competency evaluation took far longer than the allotted 55 days, as he did not even arrive at the designated facility—*i.e.*, first the Grady County Law Enforcement Center in Chickasha, Oklahoma, and then the Metropolitan Correctional Center in Chicago, Illinois—to undergo the competency evaluation until August 12, 2022. *See* ECF No. 25 at 3 (sealed). On August 25, 2022, the magistrate court held a status hearing, but since Mr. Grabinski's evaluation

2

had not yet started, it set another status hearing for September 16, 2022.  During the time from August 11 to September 16, 2022—**amounting to 35 days**—no time was excluded from the Act.

On October 27, 2022, Dr. Watkins had submitted a report on Mr. Grabinski's competency, concluding that he was incompetent to stand trial and recommending that he "be committed to the custody of the Attorney General for inpatient evaluation and restoration to competency," pursuant to 18 U.S.C. § 4142(d).  *See id*.  At the next status hearing on November 1, 2022, the government agreed with Dr. Watkins's assessment, whereas the defense disagreed, asserting that Mr. Grabinski was competent and intended to secure his own expert to conduct another competency evaluation.  *See* Min. Order (Nov. 2, 2022).  The Court then scheduled a full competency hearing for December 20, 2022, and excluded all time between September 16 and December 20, 2022 under the Act.  *See id.*; Min. Order (Sept. 20, 2022); Min. Order (Nov. 2, 2022); Min. Order (Dec. 13, 2022).

On January 6, 2023, the Court found that Mr. Grabinski was competent to stand trial.  *See* Min. Order (Jan. 6, 2023).  Consequently, it ordered his release from the custody of the Attorney General and placed him in the custody of the U.S. Marshal's Service to transport him back to Washington, D.C.—which again involved substantial transportation delays.  *See id*.  The Court further ordered a status conference for April 12, 2023.  *See* Min. Order (Apr. 5, 2023).  During the time from January 6 to April 12, 2023—**amounting to 96 days**—no time was excluded.

The Court scheduled additional status conferences where it excluded from the Act all time between April 12 to June 6, 2023.  *See* Min. Order (Apr. 12, 2023); Min. Order (June 8, 2023).

An additional status conference was set for August 1, 2023. Just before the hearing, on July 30, Mr. Grabinski filed an unopposed motion to continue the status hearing and set a plea hearing date. *See* ECF No. 31. During the time from June 6 to the filing of the motion on July 30, 2023—**amounting to 54 days**—no time was excluded.

On July 31, 2023, the Court granted the motion and set the plea hearing for September 5, 2022. *See* Min. Order (July 31, 2023). It further ordered that the time between July 30 and September 5, 2023 was excluded under the Act. *See id.* The Court subsequently rescheduled the plea hearing to "a later date" and ordered that "the time between September 5, 2023 and the date of the next hearing [was] excluded from any calculation under the Speedy Trial Act"—the next hearing was ultimately scheduled for December 19, 2023. *See* Min. Order (Aug. 31, 2023).

On October 25, 2023, after plea negotiations had failed, the government filed a motion for a hearing. *See* ECF No. 32. The Court granted the motion and scheduled a hearing for November 16, 2023, *see* Min. Order (Oct. 30, 2023), which was subsequently rescheduled to December 19, 2023, *see* Min. Order (Nov. 16, 2023). In the interim, on December 6, 2023, Mr. Grabinski filed a motion to suppress. *See* ECF No. 34.

On December 19, 2023, the parties appeared for the status hearing and scheduled a motions hearing for February 29, 2024. The Court ordered the time between December 19, 2023 and February 29, 2024 to be excluded under the Act. *See* Min. Order (Dec. 19, 2023).

**Argument**

The "manifest purpose" of the Speedy Trial Act, as its name indicates, is to "ensur[e] speedy trials." *Bloate v. United States*, 559 U.S. 196, 210 (2010). In other words, the Act is designed to "quantify and make effective" the vital Sixth Amendment right that "the accused

shall enjoy the right to a speedy and public trial." *Henderson v. United States*, 476 U.S. 321, 333 (1986) (White, J., dissenting); U.S. Const. amend. VI.  The "Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate*, 559 U.S. at 211; *Zedner v. United States*, 547 U.S. 489, 501 (2006).  And it "seeks to achieve 'efficiency in the processing of cases which is commensurate with due process.'" *United States v. Tinklenberg*, 563 U.S. 647, 657 (2011) (quoting H.R. Rep. No. 93–1508, p. 15 (1974)).

With these principles "firmly in mind," *Zedner*, 547 U.S. at 501, the Act establishes a general rule: a defendant's trial must commence within 70 days of indictment or arraignment (whichever occurs later), or else the court will dismiss the case. 18 U.S.C § 3162(a)(2).  At the same time, the Act recognizes that there are valid reasons for delay in particular cases, and therefore excludes specified "periods of delay" from the 70-day limit.  Among the specified exclusions that are potentially relevant here are:

- Delay resulting from "examinations" to determine mental competency. § 3161(h)(1)(A).

- Delay resulting from "transportation . . . to and from places of examination or hospitalization," except more than ten days "shall be presumed to be unreasonable." § 3161(h)(1)(F).

- Delay resulting "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D).

- Delay "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(H).

Here, at least 175 days of non-excludable time have elapsed on the Speedy Trial clock, making dismissal necessary.  Mr. Grabinski was entitled to a trial that "shall commence within seventy days from the filing date … of the … indictment, or from the date the defendant has

5

appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c). Mr. Grabinski made his first appearance in Court on June 10, 2022, and was indicted on June 17, 2022. Therefore, the Speedy Trial clock began on June 17, 2022.

On June 17, 2022, the court ordered that, unless the government was granted additional time, no more than 55 days would be excluded under the Speedy Trial Act for Mr. Grabinski to undergo a competency evaluation—10 days for transportation, 30 days for the competency evaluation, and 15 days for the preparation of the report. *See* ECF No. 10. The government never sought additional time, meaning only 55 days from June 17 were excluded from the Act and the clock started ticking again on August 11, 2022. From August 11 to September 16, 2022, no time was excluded, resulting in **35 days** of non-excludable time from the Act.

On January 6, 2023, the Court found that Mr. Grabinski was competent to stand trial, ordered his return to Washington, D.C., and further ordered a status conference for April 12, 2023. *See* Min. Order (Jan. 6, 2023). Transportation delays ensued. From January 6 to April 12, 2023—amounting to 96 days—no time was excluded. At most, 10 days could be excluded for Mr. Grabinski's transportation to Washington, D.C., meaning **86 days** are presumptively non-excludable under the Speedy Trial Act. *See* § 3161(h)(1)(F),

Finally, during the time from June 6, 2023 until the filing of the motion to set a plea hearing date on July 30, 2023, no time was excluded. Hence, there are additional **54 days** of non-excludable time under the Act.

As a result, the combination of non-excludable days totals at least **175 days** (35 + 86 + 54). Failure to bring a defendant to trial by the Speedy Trial Act's 70-day deadline "entitles him to

dismissal of the charges." *Bloate*, 559 U.S. at 199.  This sanction is mandatory and categorical. *See United States v. Taylor*, 487 U.S. 326, 332 (1988) (government conceding there is "no ambiguity in [the Act's] requirement that when such a violation has been demonstrated, 'the information or indictment *shall* be dismissed on motion of the defendant.'" (quoting § 3161(a)(2)) (emphasis added)).

      Mr. Grabinski respectfully requests that the Court dismiss the indictment with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."  § 3162(a)(2).  All factors weigh in favor of dismissal with prejudice.

      *First*, although all crimes in federal court are serious, on the spectrum of serious offenses, the underlying allegations in this case are less serious than most.  Mr. Grabinski did not physically harm anyone.  Nor has he caused serious economic loss or damage to property.  At worst, he threw a bottle into the courtyard of the Embassy of the People's Republic of China that shattered on the ground and left a puddle of liquid and broken glass.  There are more serious federal crimes involving allegations of identifiable harm to the public or violence against actual victims.

      *Second*, the facts and circumstances that have led to the speedy trial violation here are largely due to transportation delays created by government bureaucracy and incompetence.  To undergo the competency evaluation, the government transported Mr. Grabinksi from Washington, D.C., to the Grady County Law Enforcement Center in Chickasha, Oklahoma, to

the Metropolitan Correctional Center in Chicago, Illinois, then back to Washington, D.C. That circuitous route makes no sense. Such delays would *not* have occurred had the government performed the competency evaluation locally—*e.g.*, at St. Elizabeths Hospital. In other words, the reasonableness of the delay must be judged not on the logistical obstacles the government faced in performing its evaluation, but on the far more sensible alternatives the government refused to consider to perform the competency evaluation (which would have avoided the logistical obstacles). This is particularly true given the government's clear statutory authority to contract with the D.C. government to perform a local competency evaluation. *See* 18 U.S.C. U.S.C. § 4247(i) ("The Attorney General . . . may contract with a State, a political subdivision, a locality, or a private agency for confinement, hospitalization, care, or treatment of, or the provision of services to, a person committed to his custody pursuant to this chapter.").

*Third*, dismissal with prejudice is warranted here because it "sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays" going forward. *Taylor*, 487 U.S. at 342. "When, as so often occurs, trial courts simply dismiss counts without prejudice for violation of the Speedy Trial Act, so as to permit the Government to reprosecute the claim simply by obtaining a new indictment, we participate in a charade." *United States v. Jervey*, 630 F. Supp. 695, 698 (S.D.N.Y. 1986).

## Conclusion

For the above reasons, Mr. Grabinski respectfully requests that the Court dismiss the indictment with prejudice.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender

_____/s/_____
BENJAMIN FLICK
Research & Writing Attorney

MICHELLE PETERSON
Chief Assistant Federal Public Defender
Federal Public Defender's Office
625 Indiana Ave NW, Suite 550
Washington, D.C. 20004