UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**<br><br>v.<br><br>**BENJAMIN GRABINSKI,**<br><br>Defendant. | Case No. 22-cr-00221 (RJL) |

## GOVERNMENT'S NOTICE OF INTENT TO OFFER 404(B) EVIDENCE

The Government hereby provides notice of its intent to offer evidence pursuant to Federal Rule of Evidence 404(b). Specifically, the Government intends to offer at trial evidence that, on May 29, 2022, eleven days prior to the offense where Mr. Grabinski threw a Molotov cocktail into the Chinese Embassy, Mr. Grabinski went to the Chinese Embassy, threw rocks, shouted "next time, it's going to be a firebomb," and then explained to officers his motivation in doing so. These prior bad acts are admissible for non-propensity purposes, specifically they are relevant to Mr. Grabinski's motive, intent, and identity. Moreover, the probative value of this evidence is not substantially outweighed by any prejudicial effect. To the extent there is any prejudice, it can be managed as courts commonly due with appropriate limiting instructions. For the following reasons, Mr. Grabinski's conduct on May 29, 2022 should be admitted at trial as a prior bad act.

## BACKGROUND

### *The Charged Offense*

On June 9, 2022, shortly after 7:00 AM, Mr. Grabinski went to the Embassy of the People's Republic of China (the "Embassy") in Washington, D.C. He approached the Embassy

1

carrying a Molotov cocktail. Specifically, he was carrying a glass bottle filled with an accelerant and with a cloth extending from the neck of the bottle. He attempted multiple times to light the Molotov cocktail with a cigarette lighter but was unable to do so. He then threw the Molotov cocktail over the Embassy gate and into the Embassy. The device shattered in the courtyard without igniting. An SPO on scene witnessed Mr. Grabinski throwing the device and reported to U.S. Secret Service, providing a lookout for Mr. Grabinski. At 7:07:28 AM, U.S. Secret Service broadcast the following lookout: "white male headed towards Van Ness down Connecticut Avenue." Less than forty seconds later, a U.S. Secret Service officer broadcast "it looks like he's right there at the corner of Van Ness and Connecticut Avenue."

At 7:08 AM, U.S. Secret Service Sergeant Joshua Mas observed and stopped Mr. Grabinski at the intersection of Van Ness Street and Connecticut Avenue NW. He handcuffed Mr. Grabinski to await backup. At the time, Sergeant Mas was equipped with a handheld radio rather than an earpiece. The handheld radio was audibly broadcasting as other U.S. Secret Service officers responded to the Embassy and were describing the remnants of the device that had been thrown into the Embassy. Mr. Grabinski heard these observations over the radio and responded: "I tried to light it, but it didn't work, so I just threw it." Mr. Grabinski was arrested.

On June 17, 2022, Mr. Grabinski was indicted for Damage to Property Used by Foreign Governments, in violation of 18 U.S.C. § 970(a) and Arson, in violation of 18 U.S.C. § 844(i).

### *The Prior Bad Acts*

Eleven days prior to the offense, on May 29, 2022, at approximately 1:00 AM, Benjamin Grabinski went to the Embassy. He approached the gate of the Embassy and an SPO stationed there advised him not to walk behind the SPO's vehicle. Mr. Grabinski asked the SPO why he

was there, and the SPO informed him that he was working security. Mr. Grabinski responding by shouting: "I think you should leave now." Less than an hour later, Mr. Grabinski returned to the Embassy. He was wearing the same clothes and carrying the same backpack as he had been earlier. As Mr. Grabinski approached the Embassy he crouched low to the ground and kept his right hand behind his back. Mr. Grabinski then threw a large object toward the Embassy. The SPO could not tell what the object was but he could hear that it made a significant impact. Mr. Grabinski then yelled: "Next time, it's going to be a firebomb," before leaving the area. The SPO looked through the Embassy gate and observed some rocks in the general area where he had seen Mr. Grabinski throw the object. Officers from the U.S. Secret Service responded to investigate and interviewed the SPO who provided a description of Mr. Grabinski.

  At 1:55 AM, two Secret Service officers encountered Mr. Grabinski at the corner of Connecticut Avenue and Van Ness Street NW, approximately a five-minute walk from the Embassy. He matched the description that officers had received earlier. The Secret Service officers stopped Mr. Grabinski and identified him with his driver's license and Veteran Affairs card. While stopped, Grabinski stated that he traveled from Chicago to Washington, D.C. to express his discontent for the Chinese government. He further stated that he had thrown "a small rock," at the Embassy. His statements were not in response to any questions asked by the officers but instead were made spontaneously. A Secret Service officer took a photograph of Mr. Grabinski and showed it to the SPO who had been stationed outside the Embassy. The SPO identified Mr. Grabinski as the man who threw a rock at the Embassy, first using the photograph and then in person shortly afterwards. After several unsuccessful attempts were made to contact the Embassy, Mr. Grabinski was allowed to leave.

**ARGUMENT**

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including – but not limited to – motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Bowie*, 232 F.3d at 929-30 (*quoting United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under 404(b). *First*, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). *Second*, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id*. Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United*

4

*States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger substantially outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of 404(b) evidence is permitted in the Government's case-in-chief, regardless of whether that issue is even disputed by the defense. *See Bowie*, 232 F.3d at 932. Indeed, even "a defendant's offer to stipulate to an element of an offense does not render the government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal, and even if the defendant agrees to a jury instruction of the sort mentioned in our earlier opinion." *Crowder II*, 141 F.3d at 1209.

Finally, in a criminal case, the prosecution is required to "provide reasonable notice" to the defense of 404(b) evidence it intends to offer at trial, including "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." This motion provides the required notice.

The Government intends to offer into evidence Mr. Grabinski's statements and conduct on May 29, 2022 when he threw rocks at the Chinese Embassy, shouted "Next time, it's going to be a firebomb," and then explained to officers his intent in traveling to D.C. and throwing rocks at the Chinese Embassy. These prior bad acts are relevant to prove Mr. Grabinski's motive, intent, and identity.

To prove that Mr. Grabinski violated 18 U.S.C. § 844(i), the Government must prove that he: "(1) maliciously; (2) damaged or destroyed a building, vehicle, or other real or personal property; (3) by means of fire or explosive; and (4) the building, vehicle, or personal or real

property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996).  To prove maliciousness, the Government must show that Mr. Grabinski's actions either were intentional or done with willful disregard of the likelihood that damage or injury would result. *See, e.g.*, *id.*, (defining maliciously as acting "intentionally or with willful disregard of the likelihood that damage or injury would result."); *United States v. Corona,* 108 F.3d 565, 571 (5th Cir. 1997) (holding § 844(i) employs common law meaning of "maliciously" to include acts done in willful disregard of likelihood of damage); *United States v. Sweet,* 985 F.2d 443, 445 (8th Cir.1993) (holding term "maliciously" included acts done intentionally or with willful disregard of likelihood of damage in bomb threat statute, 18 U.S.C. § 35(b)); *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998) (same).

      Mr. Grabinski's prior conduct at the Chinese Embassy, including his statement of intent, tend to show that his conduct was malicious.  That is, his statements regarding why he traveled to Washington, D.C., his throwing of rocks and observation of the damage they caused at the Embassy, and his promise that "next time, it's going to be a firebomb," indicate that he intended to cause damage when he threw a Molotov cocktail at the Chinese Embassy.  His conduct and statements evidence his motive and desire to harm the Chinese Embassy, and his knowledge that throwing objects at the Embassy could, in fact, cause damage.  Courts regularly upheld this type of motive or intent evidence in prosecutions for violations of 18 U.S.C.  844(i).  *See, e.g.*, *United States v. Rayborn*, 495 F.3d 328, 342–43 (6th Cir. 2007) (affirming admission of motive evidence under Rule 404(b) in prosecution for violations of 844(i)); *United States v. Stevens*, 303 F.3d 711,

716 (6th Cir. 2002) (affirming admission of intent evidence under Rule 404(b) in prosecution for violations of 844(i)); *United States v. Edwards*, 159 F.3d 1117, 1129 (8th Cir. 1998) (same).

Mr. Grabinski's prior conduct is admissible for an additional non-propensity purpose: identity. The fact that on May 29, 2022, a man who was identified as Benjamin Grabinski went to the Chinese Embassy, threw rocks, and threatened to throw a firebomb, tends to suggest that it was the same Mr. Grabinski who returned eleven days later to the Chinese Embassy and, in fact, threw a firebomb.

Evidence admissible under Rule 404(b) is subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). In this case, the highly probative value of the Government's proffered 404(b) evidence is not substantially outweighed by potential unfair prejudice to the defendant. "The prejudice that the court must assess is the prejudice that lies in the danger of jury misuse of the evidence." *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995). "While there is always a risk that jurors will misuse evidence of this type to veer into an impermissible propensity inference, this risk, absent 'compelling or unique evidence of prejudice'…'cannot give rise to a per se rule of exclusion.'" *United States v. Harris*, No. CR 19-358 (RC), 2020 WL 6484311, at *3 (D.D.C. Nov. 4, 2020) (quoting *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007)).

There is no compelling or unique evidence of unfair prejudice in this case, let alone any that could not be cured by a limiting instruction. The evidence put before the jury will be limited to a description of Mr. Grabinski throwing rocks at the Chinese Embassy coupled with statements describing his reasons for doing so. This conduct is not particularly sensational or likely to incense or inflame the jury. While his exclamation "next time, it's going to be a firebomb," was alarming,

it is no more alarming and thus no more prejudicial than his conduct in attempting to light and then throwing a firebomb into the Embassy. The limited scope and nature of the proffered evidence will minimize any risk of the jury misusing the evidence or drawing an impermissible inference.

Moreover, any risk of unfair prejudice can easily be cured with a limiting instruction by the court "instructing the jury to consider the evidence only for its proper purpose." *Mitchell*, 49 F.3d at 777; see also *McCarson*, 527 F.3d at 174 ("Where, as here, there is no compelling or unique evidence of prejudice, we deem such a limiting instruction sufficient to protect a defendant's interest in being free from undue prejudice by virtue of his prior conviction(s) being put into evidence.") (internal citations omitted).

The Government has demonstrated permissible non-propensity purposes for the prior conviction and text message evidence, and its high probative value is not substantially outweighed by potential unfair prejudice to the defendant. Accordingly, the government should be allowed to use the aforementioned evidence pursuant to Rule 404(b).

## CONCLUSION

Accordingly, the Government respectfully requests that the Court permit at trial the introduction of its proffered evidence under Rule 404(b).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Cameron A. Tepfer*
CAMERON A. TEPFER
N.Y. Bar No. 5248208

8

> Assistant United States Attorney
> Federal Major Crimes Section
> 601 D Street, N.W.
> Washington, D.C. 20530
> (202) 258-3515
> Cameron.Tepfer@usdoj.gov