UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 22-cr-221 (RJL) |
| ) | |
| BENJAMIN GRABINSKI, ) | |
| ) | |
| Defendant ) | |
| ) | |

## DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S NOTICE OF INTENT TO OFFER 404B EVIDENCE OF PRIOR BAD ACTS

The Government has filed a notice of intent to admit 4049B) evidence, specifically that eleven days before the incident leading to the charges in this case, Mr. Grabinski allegedly went to the Chinese Embassy, threw rocks, and shouted "next time, it's going to be a firebomb." Government's Notice of Intent to Offer 404(B) Evidence, ("Gov't Mtn."), ECF No. 39. Mr. Grabinski, through undersigned counsel, respectfully opposes this government request to introduce evidence of uncharged misconduct. The Court should deny the government's motion and exclude the use of the proposed other crimes evidence at trial because any probative value of the evidence proffered by the government is outweighed by its unfairly prejudicial effect, requiring exclusion under Federal Rule of Evidence 403.

Under Rule 404(b), "other acts" evidence "is *not* admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1) (emphasis added). Such evidence may only be admitted for another valid purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is

probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). This rule is based on the presumption of innocence and the recognition that "[i]t is fundamental to American jurisprudence that 'a defendant must be tried for what he did, not for who he is.'" *United States v. Foskey*, 636 F.2d 517, 523 (D.C. Cir. 1980) (citation omitted). "The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985).

Although, as the government notes, the D.C. Circuit has described Rule 404(b) as a rule of inclusion rather than exclusion, Gov't Mtn. 4 (citing *United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000)), the D.C. Circuit also has "repeatedly emphasized the narrow scope of the 'bad acts' evidence exceptions under Rule 404(b) . . . and the continuing applicability of the Rule 403 limitation on unduly prejudicial evidence even if an exception is satisfied." *United States v. Nicely*, 922 F.2d 850, 856 (D.C. Cir. 1991). To satisfy Rule 404(b), the evidence of other crimes or acts must be (a) relevant under Federal Rule of Evidence 401, (b) related to "a matter in issue other than the defendant's character or propensity to commit crime," and (c) "sufficient to support a jury finding that the defendant committed the other crime or act." *Bowie*, 232 F.3d at 930.

The government bears the burden of demonstrating the relevance of "prior bad acts" it seeks to have admitted. *See United States v. Hudson*, 843 F.2d 1062, 1066 (7th Cir. 1988); *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987). Furthermore, "such evidence is *never* admissible unless it is 'necessary' to establish a material fact such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States*

*v. Shelton*, 628 F.2d 54, 56 (D.C. Cir. 1980) (emphasis added) (footnote omitted).

The government offers a number of non-propensity explanations for why the evidence is admissible: motive, intent and identity. But what it boils down to is that the government seeks to establish that he attacked the embassy before by throwing rocks so he must have done it again by throwing an unlit alleged Molotov cocktail. That is a pure propensity argument and prohibited by Rule 404(b). Moreover, allowing the government to use the term "firebomb" to suggest Mr. Grabinski's intent is very prejudicial. What he is alleged to have thrown at the embassy was a beer bottle with an undetermined liquid and a sock, not lit. To leave the impression with the jury that this was a "firebomb" is overly prejudicial with little if any probative value.

The government also argues that Mr. Grabinski's conduct, including his statement is evidence that his conduct was malicious. The jury will have to consider whether Mr. Grabinski acted maliciously and should do so without being overly prejudiced by a statement made on a separate occasion, especially when as here there is no evidence that the alleged device was capable of doing any damage whatsoever.

Finally, the government argues that the prior incident proves his identity. But first, Mr. Grabinski is not challenging that he was the person arrested at the Embassy. And the fact that he was the person who was arrested eleven days earlier would have to be proven as the first of the chain of events. It is not sufficiently probative of his identity (an uncontested fact) to overcome the prejudice of the prior bad act.

Even if the evidence at issue was offered for a legitimate, non-propensity purpose under Rule 404(b), it must be excluded pursuant to Rule 403 because its probative value is "substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R.

Evid. 403. The probative value of any single piece of evidence is "affected by the scarcity or abundance of other evidence on the same point." *Old Chief v. United States*, 519 U.S. 172, 185 (1997) (citation omitted). As such, "when there is less risky alternative proof going to the same point, the probative value of evidence that presents a greater danger of unfair prejudice may be discount[ed]." *Smith*, 2020 WL 5995100, at *13 (citation omitted).

For the purposes of Rule 403, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. There is "no question that propensity would be an improper basis for conviction." *Id*. at 182 (citation omitted). The D.C. Circuit has recognized that there are "unique dangers of unfair prejudice associated with evidence of other bad acts," *United States v. Lavelle*, 751 F.2d 1266, 1275 (D.C. Cir. 1985), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988), and that such evidence creates "enormous danger of prejudice to the defendant" because "juries are prone to draw illogical and incorrect inferences from such evidence." *Shelton*, 628 F.2d at 56; *see also Bowie*, 232 F.3d at 931 ("Evidence of other crimes or acts having a legitimate non-propensity purpose undoubtedly may contain the seeds of a forbidden propensity inference" and thus may be barred under Rule 403).

The D.C. Circuit has also repeatedly cautioned that there is an even greater risk of unfair prejudice when admitting evidence of past conduct that it is *substantially similar* to the charged conduct. The court noted that, "the similarity of Rule 404(b) evidence to the pending charges can present special problems associated with a jury's tendency to infer guilt where a defendant has previously done the same thing." *United States v. Brown*, 597 F.3d 399, 405 (D.C. Cir. 2010); *see also Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967) ("[A] special and

even more difficult problem arises when the prior [allegation] is for the same or substantially the same conduct for which the accused is on trial."). This prejudice arises "because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'" *Gordon,* 383 F.2d at 940.

Courts should also exclude "other acts" evidence pursuant to Rule 403 if its introduction will create a "trial within a trial," *United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984), or if the government is likely to spend more time "dealing with alleged wrongful conduct not covered by the indictment . . . dealing with the incidents" for which the defendant is charged. *United States v. Jones*, 570 F.2d 765, 769 (8th Cir. 1978); *see also United States v. Dennis*, 625 F.2d 782, 796-97 (8th Cir. 1980) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues.").

Here, the evidence the government seeks to introduce is substantially similar, would take as long to demonstrate as the underlying evidence in this case, and could lead the jury to confuse the two incidents and convict Mr. Grabinski of the uncharged incident rather than the charged incident.

There is also a serious risk that evidence of these past acts will lower the bar for convicting Mr. Grabinski. The Supreme Court has noted that propensity evidence can lead a jury that might be "uncertain of guilt" to convict a defendant because jurors have decided that "a bad person deserves punishment." *Old Chief*, 519 U.S. at 180; *see United States v. Bell*, 516 F.3d 432, 446 (6th Cir. 2008) ("[E]vidence of [defendant's] prior crimes . . . greatly increas[ed] the chance that the jury would punish him not for his involvement in the offense at issue, but because he appeared to be a 'bad' guy."). The government's allegations undoubtedly portray

Mr. Grabinski as a "bad person" worthy of punishment. These alleged past acts inevitably frame Mr. Grabinski as a serial attacker of the Chinese Embassy. There is a high likelihood that jurors will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man. That outcome is the very outcome Rule 404(b) was intended to prevent.

Finally, given the scope of the evidence that the government is attempting to admit, it is a near certainty that admission will create a "trial within a trial." *Aboumoussallem*, 726 F.2d at 912. Therefore, introduction will certainly cause serious prejudice by distracting and misleading jurors as to what Mr. Grabinski has been charged with and what the jurors should consider in their deliberations. *See e.g., United States v. Guardia*, 135 F.3d 1326, 1332 (10th Cir. 1998) (Rule 403 balancing weighed against admission of past act evidence when it "would transform the trial of two incidents into the trial of six incidents, each requiring description by lay witnesses…").

The government notes that the court can offer a limiting instruction to mitigate unfair prejudice and that "[c]ourts routinely recognize that such limiting instructions *ordinarily* suffice to protect the defendant's interests." Gov't Mtn. 8 (citing *United States v. Long*, 328 F.3d 655, 662 (D.C. Cir. 2003)) (emphasis added). However, the D.C. Circuit has also repeatedly recognized that in the context of propensity inferences "such instructions can only do so much." *United States v. Bowie*, 142 F.3d 1301, 1306 (D.C. Cir. 1998). The Court has noted that it is just not realistic that jurors will not use evidence of prior bad acts to infer guilt and that "once evidence of prior crimes reaches the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence." *Daniels*, 770 F.2d at 1118 (citation omitted). In situations such as this where the charged and uncharged conduct are similar, the

risk of unfair prejudice is especially heightened, and a limiting instruction is inadequate. It is simply unrealistic to believe that jurors would not use this past act evidence as propensity evidence.

Given the nature of evidence that the government is seeking to introduce, and the lack of probative value, the inevitable prejudicial impact substantially outweighs any probative value the evidence might have regarding the issue of guilt. This prejudice cannot be adequately mitigated through a jury instruction. Thus, the Court should exclude this evidence under Rule 403.

## Conclusion

For the foregoing reasons, and such other reasons as may be presented at a hearing on the government's motion, the Court should exclude the government's proffered evidence of other crimes pursuant to Rules 404(b) and 403.

A.J. KRAMER  
FEDERAL PUBLIC DEFENDER

_____/s/_____  
Michelle Peterson  
Chief Assistant Federal Public Defender  
625 Indiana Ave., N.W., Suite 550  
Washington, D.C.  20004  
(202) 208-7500
