UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 22-221 (RJL) |
| | ) |
| BENJAMIN GRABINSKI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION
January 14, 2025 [Dkt. # 36]

Before the Court is defendant Benjamin Grabinski's ("defendant" or "Grabinski") motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. Def.'s Mot. to Dismiss Indictment for Violation of the Speedy Trial Act ("Def.'s Mot.") [Dkt. #36]. Upon consideration of the parties' briefing, the oral argument held on December 11, 2024, and the relevant law, I will **GRANT IN PART** defendant's motion to dismiss and the Indictment will be **DISMISSED** without prejudice.

I.    BACKGROUND

On June 17, 2022, the Government issued a two-count indictment charging Grabinski with (1) attempted violation of protection of property used by foreign governments, in violation of 18 U.S.C. § 970(a); and (2) attempted arson, in violation of 18 U.S.C. § 844(i). Indictment [Dkt. #11]. Grabinski allegedly threw an unlit Molotov cocktail at the Embassy of the Peoples' Republic of China ("the Embassy"). Crim. Compl. Ex. 1 ("Letteney Aff.") [Dkt. #1-1] ¶¶ 11, 18 (Aff. of Special Agent Steven Letteney in Supp. of Crim. Compl.).

1

At the parties' request, Magistrate Judge Meriweather ordered that Grabinski be evaluated for competency to stand trial. Order (June 17, 2022) [Dkt. #10]. Grabinski underwent a competency evaluation at the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago"), after which Magistrate Judge Meriweather found him competent to stand trial and ordered his return to D.C. for further proceedings. Min. Order (Jan. 6, 2023); Mem. Op. (Jan. 27, 2023) [Dkt. #25]. The parties engaged in plea negotiations—which were ultimately unsuccessful—and have been preparing for trial. On January 10, 2024, Grabinski filed the instant motion to dismiss for violation of the Speedy Trial Act. Def.'s Mot. The Government opposes the motion. Gov't's Opp'n to Def.'s Mot. ("Gov't's Opp'n") [Dkt. #40]. I heard oral argument on December 11, 2024, and the motion is ripe for my review.

## II.   LEGAL STANDARD

The Speedy Trial Act requires that a criminal defendant be brought to trial within 70 days of indictment. 18 U.S.C. § 3161(c)(1). The statute contains numerous exceptions which allow time to be excluded from the 70-day calculation. *See* 18 U.S.C. § 3161(h)(1). The relevant excludable time periods here are:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>
> . . .
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . .
>
> (F) delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization, except that any time consumed in

excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

. . .

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

*Id.*

Should the Court find a Speedy Trial Act violation, it must dismiss the indictment, either with or without prejudice. 18 U.S.C. § 3162(a)(2). The Speedy Trial Act "does not presume that every violation of the Act ought to trigger a dismissal with prejudice" and instead "explicitly grants discretion to the district court to decide what form of dismissal is appropriate." *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993). Here, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). The Court may also consider prejudice to the defendant. *See United States v. McLendon*, 944 F.3d 255, 263 (D.C. Cir. 2019).

### III. ANALYSIS

The parties here are diametrically opposed on the Speedy Trial Act calculation. The Government argues that *no* time has passed under the Speedy Trial clock while Grabinski claims that 175 non-excludable days have elapsed. Gov't's Opp'n 8; Def.'s Mot. 1. Their dispute centers around three time periods. Having parsed through the docket and the parties' arguments, I agree with the Government regarding one time period and with

3

Grabinski regarding two time periods. Unfortunately for the Government, I find that more than 70 days have elapsed and the case must be dismissed. *See* 18 U.S.C. §§ 3161(c)(1), 3162(a)(2).

I will first address the Speedy Trial time calculation before explaining why dismissal will be without prejudice.

### A. Over 70 Days of Speedy Trial Time Have Elapsed

#### 1. *August 11, 2022 to September 16, 2022*

Between August 11, 2022 and September 16, 2022, Grabinski was in transit to and undergoing a competency evaluation at MCC Chicago. Grabinski argues that these 35 days should count toward the Speedy Trial calculation. Def.'s Mot. 6. I disagree, as this time period—in fact, all of June 10, 2022 through January 6, 2023—is excluded under 18 U.S.C. § 3161(h)(1)(D).

This provision of the Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Here, the Government's pretrial detention motion tolled the Speedy Trial clock beginning on June 10, 2022. *See* Gov't's Oral Mot. for Temporary Detention (June 10, 2022); Gov't's Mem. in Supp. of Pretrial Detention [Dkt. #8].[1] This motion was not ruled on and was instead placed on the

---

[1] Motions for pretrial detention require a hearing and thus fall under this provision of the Speedy Trial Act. *See* 18 U.S.C. § 3142(f)(1)(E) ("The judicial officer shall hold a hearing . . . upon motion of the attorney for the Government"); *see also United States v. Beler* 2019 U.S. Dist. LEXIS 192631, at *23–24 (D.D.C. Nov. 6, 2019) ("The pretrial detention motion at issue here is the kind of motion for which a hearing is required."). Further, both written and oral motions can toll the Speedy Trial clock. *United States v. Taylor* 497 F.3d 673, 676 (D.C. Cir. 2007).

4

backburner pending the outcome of Grabinski's competency evaluation. *See* Min. Order (Nov. 2, 2022) ("Defendant shall remain detained in the interim due to the pending motion for pretrial detention and the parties [sic] agreement that the Court should defer any detention hearing until after it resolved the competency issue.").

Grabinski argues that the pretrial detention motion did not toll Speedy Trial time because the delay in getting to trial did not "result[] from" the motion. Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") [Dkt. #42] 8–14. I disagree. There is no requirement that the motion actually caused any delay; instead, it stopped the Speedy Trial clock automatically. *See United States v. Tinklenberg*, 563 U.S. 647, 653, 660 (2011) (holding that the Speedy Trial Act "contains no [] requirement" that "the filing of the pretrial motion[] actually caused or was expected to cause delay of a trial"); *Beler*, 2019 U.S. Dist. LEXIS 192631, at *20–21 (finding that a pretrial detention motion tolled the Speedy Trial clock even though "the immediate focus of both the magistrate judge and the parties [was] on the pressing issue of the defendant's competency to stand trial," not on the motion). The Government's pretrial detention motion therefore stopped the Speedy Trial clock on June 10, 2022, regardless of whether the motion caused any delay.

However, it did not toll the Speedy Trial clock indefinitely. Since there was never a hearing on the motion, the clock began running again when the Court received all of the submissions it reasonably expected in connection with the motion. *See United States v. Rice*, 746 F.3d 1074, 1080 (D.C. Cir. 2014). As our Circuit explained in *Rice*:

> If the court holds a hearing, the Act excludes the period of time between the filing of the motion and the conclusion of the hearing, whether or not the amount of delay that occurred was "reasonable." **If the court does not hold**

5

> **a hearing on the motion, the Act excludes the period of time between the filing of the motion and the day the court receives all the submissions it reasonably expects in relation to the motion.**

*Id.* at 1080 (emphasis added) (internal citations omitted). The Court had all of the information it needed to decide the pretrial detention motion on January 6, 2023, when Grabinski was ruled competent to stand trial. *See* Min. Order (Jan. 6, 2023). At that point the Court had the Government's brief in support of pretrial detention *and* knew whether or not pretrial detention would be a live issue. Thus the Speedy Trial exclusion under 18 U.S.C. § 3161(h)(1)(D) expired on that day.[2] *See Rice*, 746 F.3d at 1080.

Because all time between June 10, 2022 and January 6, 2023 is excluded from the Speedy Trial calculation, the time between August 11, 2022 and September 16, 2022 is necessary excluded as well.

    2.   *January 7, 2023 to April 11, 2023*

As discussed above, the Speedy Trial clock restarted after January 6, 2023. Between January 7, 2023 and April 11, 2023[3]—a total of 96 days—Grabinski was in transit from his competency evaluation at MCC Chicago back to Washington, D.C. While the Speedy Trial Act excludes "delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization," it also states "that any time consumed in excess of ten days . . . shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F).

---

[2] While another Speedy Trial Act provision provides for a maximum 30-day exclusion while a motion is "actually under advisement," there is no indication here that Magistrate Judge Meriweather "actually" took the motion under advisement and no ruling ever issued. *See* 18 U.S.C. § 3161(h)(1)(H). This exclusion is therefore inapplicable and the Speedy Trial clock restarted on January 7, 2023.

[3] The Court excluded Speedy Trial time again beginning on April 12, 2023. Min. Order (Apr. 12, 2023).

Grabinski argues that only 10 days should be excluded here, as the remaining 86-day delay was not reasonable. I agree.

The delay resulted from an apparent miscommunication regarding the order directing Grabinski's return to D.C. On January 6, 2023, Magistrate Judge Meriweather issued a minute order instructing the United States Marshals Service ("USMS") to transport Grabinski back to D.C. Min. Order (Jan. 6, 2023). However, USMS did not initiate Grabinski's transport, as evidently they needed a formal written order. Gov't's Opp'n 13; Def.'s Reply 18–20. Grabinski remained at MCC Chicago until Magistrate Judge Meriweather became aware of the problem and issued a formal order on February 27, 2023. Order (Feb. 27, 2023) [Dkt. #26]. Grabinski ultimately arrived in D.C. on March 28, 2023. Gov't's Opp'n 13; Gov't's Opp'n Ex. 2 [Dkt. #40-2] ¶ 10.

Even though the delay here resulted from a misunderstanding, that is not sufficient to overcome the presumption that delays longer than 10 days are unreasonable.[4] *See* 18 U.S.C. §3161(h)(1)(F). The Government should have been aware of—or at least inquired into—USMS's policy regarding transportation orders and then monitored the situation to make sure Grabinski was in fact in transit to D.C. Instead, Grabinski's transportation fell

---

[4] The Government urges the Court to interpret Magistrate Judge Meriweather's June 17, 2022 order as excluding *all* time related to transporting Grabinski to and from the competency evaluation. Gov't's Opp'n 6–8. While the order does state that "the time required for transport . . . shall be excluded from Speedy Trial Act calculations," it also incorporates the "deadlines imposed by 18 U.S.C. § 3161(h)(1)(F)—pursuant to which a delay of more than ten days for transport is presumptively unreasonable." Min. Order (June 17, 2022) 2. The Government's interpretation of the order would render Magistrate Judge Meriweather's statement about the 10-day presumption meaningless. The more natural reading is that Magistrate Judge Meriweather's statement that "the time required for transport . . . shall be excluded" was simply acknowledging that the excluded time *could* be longer than 10 days, should the additional delay be reasonable. I therefore find that the order does not exclude all time related to Grabinski's transport to and from his competency evaluation.

7

through the cracks and he waited at MCC Chicago for weeks. Thus I find 86 of the 96 transportation days unreasonable and non-excludable under the Speedy Trial Act. *See United States v. Bauer*, 286 F. Supp. 2d 31, 34 (D.D.C. 2003) (finding that, "[w]hile no one questions the good faith of anyone involved," it was nevertheless unreasonable when an error in delivering a transportation order to USMS caused a delay longer than 10 days).

### 3. *June 6, 2023 to July 29, 2023*

Between June 6, 2023 and July 29, 2023,[5] the parties were engaged in plea negotiations and the Government was consulting with the U.S. Department of State regarding diplomatic issues related to this case. Gov't's Opp'n 5 n.1. However, no request was made to exclude this time and the docket does not reflect any stoppage of the Speedy Trial clock here; additionally, there is no applicable exception under 18 U.S.C. § 3161(h)(1). The Government asserts that "[t]o the extent that such a request [to exclude Speedy Trial time] was not made on the record during the June 6, 2023 hearing, that was an inadvertent oversight by the Government." Gov't's Opp'n 5 n.1. While I appreciate the Government's candor regarding this mistake, it does not change the fact that the Speedy Trial clock continued to run during this time period. Thus 54 days are added to the Speedy Trial calculation.

I have now found that 140 days of non-excludable time have elapsed. This is more than enough to mandate dismissal under the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(c)(1), 3162(a)(2).

---

[5] The Court excluded Speedy Trial time again beginning on July 30, 2023. Min. Order (July 31, 2023).

### B. Dismissal Without Prejudice is Appropriate

The next question is whether the case should be dismissed with or without prejudice. This is a matter left to the Court's discretion. *See Wright*, 6 F.3d at 813–14. The relevant factors—the seriousness of the offense, the circumstances which led to dismissal, the impact of reprosecution on the administration of the Speedy Trial Act, and prejudice to the defendant—weigh in favor of dismissal without prejudice. *See* 18 U.S.C. § 3162(a)(2); *McLendon*, 944 F.3d at 263. First, the alleged facts are serious; if proven, they reflect a premeditated plan to throw a Molotov cocktail at a foreign embassy. *See* Letteney Aff.; Gov't's Opp'n 14–15.

Second, the circumstances surrounding the delay in Grabinski's trial are unfortunate, but they do not constitute "bad faith" or a "pattern of neglect" warranting dismissal with prejudice. *See United States v. Taylor*, 487 U.S. 326, 339 (1988); *Wright*, 6 F.3d at 814 ("[A]n important part of the 'facts and circumstances' inquiry is whether the Government has engaged in a 'pattern of neglect,' or in contrast, whether the violation represents an 'isolated unwitting violation.'" (quoting *Taylor*, 487 U.S. at 339)). There is no evidence that the Government acted in bad faith or caused the delay in order to gain a tactical advantage. The delay in Grabinski's transportation from MCC Chicago appears to have been an "isolated unwitting violation" rooted in a miscommunication. *See Wright*, 6 F.3d at 814. The additional delay included in the Speedy Trial calculation stemmed from

9

the parties' plea negotiations. Neither suggests a pattern of neglect warranting dismissal with prejudice.[6]

Third, reprosecution will not have a significant impact on the administration of justice or the Speedy Trial Act. Grabinski asks the Court to dismiss the case with prejudice because it "sends a stronger message than dismissal without prejudice." Def.'s Mot. 8. While I strongly encourage the Government to be more cognizant of Speedy Trial issues in the future, I fully expect dismissal without prejudice will be sufficient motivation for the Government to do so. *See McLendon*, 944 F.3d at 265–66 (explaining that "'[d]ismissal without prejudice is not a toothless sanction,' and lower courts should refrain from relying on 'the greater deterrent effect of barring reprosecution' alone to support a dismissal with prejudice because that would render the § 3162(a)(2) factors 'superfluous, and all violations would warrant barring reprosecution.'" (quoting *Taylor*, 487 U.S. at 342)).

Finally, I find that allowing reprosecution will not prejudice defendant. During oral argument on December 11, 2024, the Government explained that if the Court dismisses the case without prejudice, they could likely reindict Grabinski quickly and proceed to trial on approximately the same schedule as we are on now.[7] Moreover, Grabinski has not argued

---

[6] Even if I consider the delays in Grabinski's transport to his competency evaluation—a time period which is excluded because of the Government's pretrial detention motion, *see supra* Section III.A.1—that does not support a pattern of neglect either. These delays were largely due to COVID-19 quarantine requirements and restrictive movement protocols. Gov't's Opp'n 11–13; Gov't's Opp'n Ex. 2 ¶¶ 5–7.

[7] Although a significant amount of Speedy Trial time has elapsed, that does not necessarily support an argument for dismissal with prejudice. Our Circuit has recognized that even lengthy periods of delay can merit dismissal without prejudice depending on the Court's analysis of the three statutory factors. *See McLendon*, 944 F.3d at 267.

that he has lost access to any witnesses or evidence as a result of the delay. *Id.* at 266–67. I will therefore dismiss the case without prejudice.

### IV.  CONCLUSION

For the foregoing reasons, Grabinski's motion to dismiss will be **GRANTED IN PART**. The motion is denied to the extent Grabinski seeks dismissal with prejudice. The Indictment shall be **DISMISSED** *without* prejudice. An Order consistent with the above accompanies this Opinion.

_____
RICHARD J. LEON
United States District Judge